[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12038

Non-Argument Calendar

_____

WILLIAM M. WINDSOR,

Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,

Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,
JOHN LEY, et al.,

2                     Opinion of the Court                     22-12038

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cv-01923-TWT

_____

_____

No. 22-12411

Non-Argument Calendar

_____

WILLIAM M. WINDSOR,

                                                Plaintiff-Appellant,

*versus*

JAMES N. HATTEN, et al.,

                                                Defendants,

B. GRUTBY,
JUDGE WILLIAM S. DUFFEY, JR.,
JUDGE ORINDA D. EVANS,
JUDGE JULIE E. CARNES,

JOHN LEY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:11-cv-01923-TWT

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

This appeal is the latest in a line of frivolous litigation pursued by William Windsor, who is proceeding *pro se*. In 2011, the Northern District of Georgia issued a permanent injunction enjoining Windsor from pursuing any proceeding in any court without first obtaining leave of the federal district court in the appropriate district. In the summer of 2022, Windsor submitted various motions in the same district court, and the court denied them. Windsor now appeals those denials. After review, we affirm the district court's decision.

## I.    Background

The relevant facts involve various motions and notices of appeal filed by Windsor after the issuance of a permanent injunction in 2011. After Windsor sued several federal judges on

the U.S. District Court for the Northern District of Georgia and the U.S. Court of Appeals for the Eleventh Circuit, as well as several court employees (for simplicity's sake, we refer to the group collectively as "the Judges"),[1] the district court entered a permanent injunction against Windsor as follows:

> Plaintiff, William M. Windsor, and any parties acting in concert with him or at his behest, are PERMANENTLY ENJOINED from filing any complaint or initiating any proceeding, including any new lawsuit or administrative proceeding, in any court (state or federal) or agency in the United States without first obtaining leave of a federal district court in the district in which the new complaint or proceeding is to be filed.

Windsor filed various notices of appeal protesting the injunction. We dismissed his appeals in 2011 for want of prosecution and lack of jurisdiction.

In 2018, Windsor sought modification of the injunction. The district court partially granted his motion by adding language clarifying that the injunction did not apply to criminal complaints or protective orders.[2]  On appeal in 2019, we upheld the district court's denial of the other requested modifications.

---

[1] Windsor first filed his complaint in the Superior Court of Fulton County, Georgia.  The United States removed the action to the Northern District of Georgia.

[2] The modification added the following language:

Then, at some point, Windsor became involved with Marcie Schreck, a Texas woman seeking to sue on behalf of her mother. In May 2022, the district court denied Windsor's motion asking the court to grant leave for him and the Schrecks to file guardianship actions in any state court. In June 2022, Windsor appealed, challenging the district court's May 2022 order, along with the 2011 injunction order, the 2018 modification order, and a second order from 2018.[3]

Also in June 2022, in the same lawsuit, the district court denied three more motions submitted by Windsor for leave to file various motions "based upon the well-documented history of frivolous filings by William Windsor and his abuse of the federal judicial system." In July 2022, Windsor appealed the court's order,

---

The above restrictions do not apply to appeals in actions already in existence on July 15, 2011, criminal complaints, or petitions for protective orders the Plaintiff feels necessary to protect his personal safety. However, any proceedings—whether criminal or civil—initiated against any judge or government employee for actions taken in the course of their official duties are still enjoined according to the restrictions outlined above.

[3] At another point in 2018, the district court granted two of Windsor's motions for leave to file complaints, concluding the related litigation involving Windsor and his family was "not within the scope of the persons and matters protected by the filing restrictions." In his 2022 appeal, Windsor appears to argue that this second 2018 order should have modified the injunction to allow state court filings.

again raising additional arguments about the 2011 injunction and the 2018 modification order.

This Court directed the clerk's office to consolidate Windsor's June 2022 and July 2022 appeals. After reviewing the parties' responses to jurisdictional questions, we dismissed the appeals in part for lack of jurisdiction, to the extent that Windsor appealed from the 2011 and 2018 orders. But his appeals were allowed to proceed as to the district court's May 21, 2022, and June 30, 2022, orders.

After careful review, we affirm the district court's denial of Windsor's two 2022 motions.

## II.    Discussion[4]

We have explained that "[a] party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotations omitted). Indeed, "an appellant abandons a claim when he either makes only passing references to it or raises

---

[4] The Judges argue we do not have subject matter jurisdiction over the May and June 2022 orders under 28 U.S.C. § 1291 because they were not final. However, we previously issued jurisdictional questions directing the parties to address whether those orders were final and whether we had jurisdiction. After reviewing the jurisdictional responses, we concluded that the appeal could proceed as to the May and June 2022 orders, without reserving any issues or carrying any jurisdictional questions with the case. We see no reason to revisit the issue.

it in a perfunctory manner without supporting arguments and authority," particularly "when [it is] 'buried' within [the appellant's main] arguments." *Id.* at 681–82. "Abandonment of a claim or issue can also occur when the passing references to it are made in the 'statement of the case' or 'summary of the argument[.]'" *Id.* at 681. Although "we read briefs filed by *pro se* litigants liberally," we nonetheless deem "issues not briefed on appeal by a *pro se* litigant . . . abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (internal citations omitted). "Moreover, we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Id.*

Windsor abandons his claims relating to the 2022 orders by failing to "plainly and prominently" address them in the argument section of his brief. *See Sapuppo*, 739 F.3d at 681. Although Windsor discusses the 2022 orders in his "statement of the case" section, most of Windsor's initial brief challenges the validity of the 2011 injunction. He only asserts in passing that the May 2022 order (but not the June 2022 order) violated due process because there was no notice or hearing. Windsor also states that "[t]hese latest purported orders" deny him "his fundamental [c]onstitutional right of access to the courts[.]" Otherwise, Windsor writes in a conclusory fashion that "[a]ll orders" in the case "must be declared void." These statements are not enough to challenge 2022 orders because they are "only passing references," lack supporting arguments, and are "buried" within his main arguments about the injunction. *Sapuppo*, 739 F.3d at 681–82. This is true even though Windsor is a *pro se* litigant. *See Timson*, 518 F.3d

at 874. And although Windsor discusses the 2022 orders in slightly greater detail in his reply brief, his assertions are too little too late. We will not consider an issue raised for the first time in a reply brief. *Id.*

### III.    Conclusion

We conclude that Windsor abandoned his claims related to the 2022 orders by failing to sufficiently address those orders on appeal. Accordingly, we must affirm.

**AFFIRMED.**